UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN D. POLESUK, PERI POLESUK
and CAMERON POLESUK

                          Plaintiffs,

- against -

CBR SYSTEMS, INC. a/k/a CORD BLOOD
REGISTRY SYSTEMS, Q INTERNATIONAL
COURIER, INC. a/k/a Quick International
Courier and AMERICAN AIRLINES, INC.

                          Defendants.
------------------------------------------------------------X

Civil Action No. 05 CIV. 8324 (GBD)

**ANSWER**

Defendant, American Airlines, Inc., ("American Airlines") by its attorneys, MOUND COTTON WOLLAN & GREENGRASS, as and for its answer to the Plaintiffs' Complaint herein, alleges:

## PARTIES

**FIRST:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1," "2," "3," "4," and "5" of the Complaint except admits that American Airlines is a duly certified direct carrier engaged in the transportation of persons and property in interstate and international commerce pursuant to the authority granted by the Department of Transportation of the United States and maintains a place of business in the State of New York.

## BACKGROUND

**SECOND:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "6," "7," "8," "9," "10," "11," and "12" of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST CBR (FRAUD)

**THIRD:** Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "FIRST" through "SECOND" as if set forth herein at length.

**FOURTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "14," "15," "16," "17," "18," "19," "20," "21," "22," "23." "24," "25," "26," "27," "28," "29," "30," "31," "32," "33," "34," "35," "36," "37," "38," and "39" of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST CBR (BREACH OF CONTRACT)

**FIFTH:** Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "FIRST" through "FOURTH" as if set forth herein at length.

**SIXTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "41" and "42" of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST CBR, QUICK AND AMERICAN AIRLINES (NEGLIGENCE)

**SEVENTH:** Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "FIRST" through "SIXTH" as if set forth herein at length.

**EIGHTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "44" and "45" of the Complaint.

**NINTH:** Denies the allegations contained in paragraph "46" of the Complaint.

**TENTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "47" and "48" of the Complaint except denies the allegations in these paragraphs as they pertain to defendant American Airlines.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST QUICK AND AMERICAN AIRLINES (NEGLIGENT INTERFERENCE WITH CONTRACT)

**ELEVENTH:** Repeats, reiterates and realleges each and every allegation and denial contained in those paragraphs of this Answer designated "FIRST" through "TENTH" as if set forth herein at length.

**TWELFTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "50" and "51" of the Complaint except denies the allegations in these paragraphs as they pertain to defendant American Airlines.

**THIRTEENTH:** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "52" and "53" of the Complaint.

### AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE

**FOURTEENTH:** Any damages allegedly suffered by the plaintiffs herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

### AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE

**FIFTEENTH:** The contract of carriage embarked upon by the plaintiffs herein was an interstate transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage.

**SIXTEENTH:** That under the applicable provisions of this defendant's contract of carriage, this defendant has no liability to the plaintiffs or to any other person under the contract

of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

**SEVENTEENTH**: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE

**EIGHTEENTH**: That under the applicable provisions of this defendant's contract of carriage, this defendant has no liability to the plaintiffs or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiffs, its agents, servants and/or employees.

**NINETEENTH**: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiffs, its agents, servants and/or employees.

## AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

**TWENTIETH**: That under the applicable provisions of this defendant's contract of carriage, this defendant has no liability to the plaintiffs or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

## AS AND FOR A FIFTH COMPLETE
## AFFIRMATIVE DEFENSE

**TWENTY-ONE**: That under the applicable provisions of this defendant's contract of carriage, this defendant has no liability to the plaintiffs or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

**TWENTY-TWO**: Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiffs herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

## AS AND FOR AN SIXTH COMPLETE
## AFFIRMATIVE DEFENSE

**TWENTY-THREE**: That under the applicable provisions of this defendant's contract of carriage, the plaintiffs herein have no standing to maintain this action against this defendant.

## AS AND FOR A SEVENTH COMPLETE
## AFFIRMATIVE DEFENSE

**TWENTY-FOUR**: That under the applicable provisions of this defendant's contract of carriage, this defendant has no liability to the plaintiffs or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

**TWENTY-FIVE**: Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

## AS AND FOR A EIGHTH PARTIAL
## AFFIRMATIVE DEFENSE

**TWENTY-SIX:** That under the applicable provisions of this defendant's contract of carriage, the liability, if any, of this defendant for any loss, damage or delay is limited.

**WHEREFORE,** defendant, American Airlines, Inc., demands judgment in its favor:

1. Dismissing the plaintiffs' Complaint;

2. Such other and further relief as is deems just and proper.


Dated: New York, New York
       September 28, 2005

>                   MOUND COTTON WOLLAN
>                   & GREENGRASS
>
>                   Attorneys for Defendant American Airlines, Inc.
>
>                   By_____
>                   Jodi S. Tesser (JST 6398)
>                   Office and P. O. Address
>                   One Battery Plaza
>                   New York, New York  10004-1486
>                   (212) 804-4200


TO:   Steven R. Goldberg, Esq.
      Attorneys for Plaintiffs
      One North End Avenue - Suite 1107
      World Financial Center
      New York, New York 10282
      (212) 845-5100

      Anthony D. Grande, Esq.
      Morgan, Melhuish, Monaghan
      Arvidson, Abrutyn & Lisowski
      Attorneys for Defendant
      CBR Systems Inc. a/k/a

Cord Blood Registry Systems
39 Broadway - 35th Floor
New York, New York 10006
(212) 809-1111

John Sandercock, Esq.
Lester Schwab Katz & Dwyer, LLP
Attorneys for Defendant
Q International Courier, Inc. a/k/a
Quick International Courier
120 Broadway
New York, New York 10271
(212) 964-6611

STATE OF NEW YORK     )

COUNTY OF NEW YORK)

## AFFIDAVIT OF SERVICE

Lynn Cappiello, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in Nassau County, New York.

That on September 28, 2005, deponent served the within **ANSWER** upon :

Steven R. Goldberg, Esq.
One North End Avenue - Suite 1107
World Financial Center
New York, New York 10282

Anthony D. Grande, Esq.
Morgan, Melhuish, Monaghan
Arvidson, Abrutyn & Lisowski
39 Broadway - 35th Floor
New York, New York 10006

John Sandercock, Esq.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271

the addresses designated by said entities for that purpose by depositing the same enclosed in a first-class postpaid properly addressed wrapper to said entities at the above addresses in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Lynn Cappiello*
Lynn Cappiello

Sworn to before me this 28th day of September, 2005

*Rodanthi Kucharski*
**NOTARY PUBLIC**

RODANTHI KUCHARSKI
Notary Public, State of New York
No. 24-4711680
Qualified in Kings County
Commission Expires October 31, 20 06

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Index No.

JONATHAN D. POLESUK, PERI POLESUK
and CAMERON POLESUK

Plaintiffs,

- against -

CBR SYSTEMS, INC. a/k/a CORD BLOOD
REGISTRY SYSTEMS, Q INTERNATIONAL
COURIER, INC. a/k/a Quick International
Courier and AMERICAN AIRLINES, INC.

Defendants.

## ANSWER

MOUND, COTTON, WOLLAN & GREENGRASS

*Attorneys for*

*Office and Post Office Address, Telephone*

ONE BATTERY PARK PLAZA
NEW YORK, NY 10004
(212) 804-4200

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:_____ 20___