LSK&D #: 594-5004 / 722022
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JONATHAN D. POLESUK, PERI POLESUK
and CAMERON POLESUK,                                           05 CV 8324 (GDB)(KNF)

                                Plaintiffs,

                                                     **DECLARATION OF**
          -against-                              **JOHN SANDERCOCK**

CBR SYSTEMS INC. a/k/a CORD BLOOD
REGISTRY SYSTEMS, Q INTERNATIONAL
COURIER, INC. a/k/a Quick International
Courier and AMERICAN AIRLINES, INC.

                                Defendants.
------------------------------------------------------------------x

      John Sandercock, a member of the Bar of this Court, declares as follows:

      1.     I am counsel to LESTER SCHWAB KATZ & DWYER, LLP, attorneys for defendant Q INTERNATIONAL COURIER, INC. a/k/a Quick International Courier ("Quick").  I am fully familiar with the facts and circumstances as set forth herein.

      2.     I make this affirmation in support of a motion by Quick for an order dismissing the complaint for failure to state a claim upon which relief can be granted, or in the alternative, limiting Quick's liability to $200.

## PROCEDURAL BACKGROUND

      3.     Plaintiffs commenced this action in the Supreme Court, New York County on or about June 2, 2005 with the service of a summons with notice on Quick, CBR Systems, and American Airlines.

      4.     CBR, Quick and American Airlines appeared in the action and demanded a complaint.

      5.     Plaintiffs served a complaint on or about September 1, 2005. (Exhibit "A")

6. Plaintiffs agreed to extend Quick's time to answer or move with respect ot the complaint to October 17, 2005.

7. American Airlines filed a petition to remove this action to this Court on or about September 27, 2005.

## THE PARTIES

8. Plaintiffs Jonathan and Peri Polesuk allege they are a married couple who reside in the County of Westchester, State of New York. Cameron Polesuk is their son. (Complaint ¶¶ 1, 2)

9. Plaintiffs allege that CBR is a biotechnology company in the business of collecting, testing, processing and preserving umbilical cord blood ("cord blood"). (Complaint, ¶ 3)

10. Quick is in the business of providing domestic and international courier services. (Complaint, ¶ 4)

11. American Airlines is a common carrier of freight and passengers for hire. (Complaint, ¶ 5)

## FACTS RELEVANT TO THIS MOTION

12. Plaintiffs allege that, on or about May 23, 2003, they entered into a contract with CBR for the collection, shipment, processing and storage of their son's cord blood. (Complaint, ¶ 27)

13. Cameron Polesuk was born on June 4, 2003. (Complaint, ¶ 2)

14. Plaintiffs further allege that immediately after Cameron was born, CBR arranged for a courier from Quick to pick up his cord blood units for transport to CBR's cord blood banking facility in Arizona.

15. According to the accompanying affidavit of Martin Greenberg, Quick picked up a package from Peri Polesuk at Mt. Sinai Hospital in Manhattan on June 4, 2003 for delivery to CBR in Tucson, Arizona and issued a bill of lading. (Exhibit "A")

16. A specimen of Quick's bill of lading form showing the terms and conditions of carriage is annexed to the Greenberg affidavit as Exhibit "B".

17. Plaintiffs further allege that the cord blood was lost and/or damaged in transit and never delivered to CBR. (Complaint at ¶¶ 32-37)

## GROUNDS FOR THE MOTION

18. Plaintiffs' first and second causes of action are not directed to Quick.

19. Plaintiff's third cause of action for negligence is preempted by federal law, as far as Quick is concerned, because liability under a transportation contract in interstate commerce is governed by federal law, specifically, the Carmack Amendment to the Interstate Commerce Act, 49 USC § 14706 (previously codified as 49 USC § 11707) and/or the federal common law applicable to air transportation. Causes of action for negligence are subsumed in the cause of action for breach of the transportation contract and cannot be maintained as separate causes of action.

20. Quick's liability for loss or damage to the shipment is limited by the terms of the bill of lading contract to $200. *See* Exhibits "A" and "B" to the accompanying affidavit of Martin Greenberg.

21. Plaintiff's fourth cause of action for "negligent interference with contract" does not state a claim under New York or federal law.

22. Quick's arguments in support of its motion to dismiss are more fully set forth in the accompanying memorandum of law.

23. Under penalty of perjury, the foregoing is true and correct.

Executed on October 14, 2005.

_____<br>John Sandercock