UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JONATHAN D. POLESUK, PERI POLESUK        05 CV 8324 (GDB) (KNF)
and CAMERON POLESUK,

                         Plaintiffs,

                                                        **ANSWER**
                                                        **(Electronically Filed)**

       -against-

CBR SYSTEMS, INC. a/k/a CORD BLOOD REGISTRY
SYSTEMS, Q INTERNATIONAL COURIER, INC. a/k/a
QUICK INTERNATIONAL COURIER and AMERICAN
AIRLINES, INC.,

                       Defendants.
------------------------------------------------------------------------X

      The Defendant, CBR SYSTEMS, INC. s/h/i/a CBR SYSTEMS INC. a/k/a CORD BLOOD REGISTRY SYSTEMS ("CBR") by their attorneys, MORGAN, MELHUISH, MONAGHAN, ARVIDSON, ABRUTYN & LISOWSKI, answering the complaint of the Plaintiffs herein, respectfully allege upon information and belief:

## GENERAL ALLEGATIONS

      1. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the Complaint.

      2. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the Complaint.

      3. Denies each and every allegation as stated contained in paragraph 3 of the Complaint.

      4. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of the Complaint.

      5. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 5 of the Complaint.

6. Admits each and every allegation contained in paragraph 6 of the Complaint.

7. Admits each and every allegation contained in paragraph 7 of the Complaint.

8. Admits each and every allegation contained in paragraph 8 of the Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation as stated contained in paragraph 10 of the Complaint.

11. Admits each and every allegation contained in paragraph 11 of the Complaint.

12. Denies each and every allegation as stated contained in paragraph 12 of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST CBR (FRAUD)

13. Defendant CBR repeats and reiterates theanswers to the allegations contained in paragraphs 1 through 12 with the same force and effect as if fully set forth herein.

14. Denies each and every allegation as stated contained in paragraph 14 of the Complaint.

15. Admits each and every allegation contained in paragraph 15 of the Complaint

16. Admits each and every allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation as stated contained in paragraph 17 of the Complaint.

18. Admits each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of the Complaint.

22. As to CBR, denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 26 of the Complaint.

27. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation as stated contained in paragraph 27 of the Complaint and refers all questions of law to the Court.

28. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 31 of the Complaint.

32. Admits each and every allegation contained in paragraph 32 of the Complaint.

33. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 33 of the Complaint.

34. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. As to CBR, denies knowledge and information as to sufficient to form a belief as to the truth of each and every allegation contained in paragraph 36 of the Complaint.

37. Denies knowledge and information as to sufficient to form a belief as to the truth of each and every allegation as to CBR contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

**AS THE SECOND CAUSE OF ACTION AGAINST CBR (BREACH OF CONTRACT)**

40. Defendant CBR repeats and reiterates the answers to the allegations contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. Denies each and every allegation contained in paragraph 41 of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST CBR, QUICK AND AMERICAN AIRLINES (NEGLIGENCE)**

43. Defendant CBR repeats and reiterates the answers to the allegations contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 45 of the Complaint.

46. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 46 of the Complaint.

47. As to CBR, denies each and every allegation contained in paragraph 47 of the Complaint.

48. As to CBR, denies each and every allegation contained in paragraph 48 of the Complaint.

**AS TO FOR THE FOURTH CAUSE OF ACTION AGAINST QUICK AND AMERICAN AIRLINES (NEGLIGENT INTERFERENCE WITH CONTRACT)**

49. Defendant CBR repeats and reiterates the answers to the allegations contained in paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 50 of the Complaint.

51. Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation as stated contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Defendant reserve their rights to claim the protections, benefits and limitations on liability set forth under Article 16 of the Civil Practice Law and Rules, including but not limited to the liability of Defendants to the Plaintiffs herein for non-economic loss that is limited to Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That by entering into the activity in which the Plaintiffs were engaged at the time of the occurrence set forth in the Complaint, said Plaintiffs knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiffs herein as alleged in the Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiffs in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Defendant CBR not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby asserts and reserves unto themselves the defenses of accord and satisfaction, arbitration and award, assumption of risk, collateral estoppel, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, ratification, release, *res judicata*, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to establish that the answering Defendant's conduct fell below the applicable standard of care.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiffs are as a result of the acts and omissions of third persons or entities over which the answering Defendant exercised no control.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Defendant CBR exercised due care and diligence in all matters alleged in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have recovered the costs of property damage, medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economic loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to the Plaintiffs shall be reduced in accordance with the provisions of CPLR § 4545(c).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained damages as alleged in the Complaint, which is expressly denied by the answering Defendant, then such damages were caused, in whole or in part, by reason of Plaintiffs' failure to mitigate their damages, and the amount of damages otherwise recoverable shall be reduced by such an amount as is attributable to Plaintiffs' failure to mitigate damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

If any damages were sustained by the Plaintiffs as alleged in the Complaint, which damages are expressly denied, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, want of care, assumption of risk, breach of contract, and other culpable conduct and/or comparative negligence of the Plaintiffs and/or persons other than

the answering Defendant without similar acts of the answering Defendant contributing thereto, and as a consequence thereof the Plaintiffs' damages if any should be reduced by the proportion of the Plaintiffs and/or persons other than the answering Defendant's, culpable conduct which caused the alleged damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim and/or cause of action for which relief may be granted and should be dismissed.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state that they sustained damages caused by any professional act, error or omission by the answering Defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

That the lawsuit herein was not commenced by the Plaintiffs within the time prescribed by law, and the Plaintiffs, therefore, are barred from maintaining this action and recovery by the operation of the applicable Statute of Limitation pursuant to the CPLR.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all necessary parties to this action.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves their rights to claim the protections, benefits and limitations on Liability set forth under Section 15-108 of the General Obligations Law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to establish that "but for" the allegations against the Defendants, the Plaintiffs will or would have achieved a different result in the prosecution of his underlying claim or matter.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

This Court has no jurisdiction over the person of the answering defendant and such defect has not been waived by defendant and is preserved.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The Law of California may apply herein.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS Q INTERNATIONAL COURIER, INC. a/k/a QUICK INTERNATIONAL COURIER and AMERICAN AIRLINES, INC. AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

The answering defendant CBR demands pursuant to <u>DOLE V. DOW CHEMICAL CO</u>. 30 N.Y.2d 143, and pursuant to CPLR § 3019(b), that the ultimate rights of the defendants as between themselves be determined in this action.

That if the plaintiffs sustained such damages as alleged in the complaint through any negligence other than their own, then said damages were sustained through the carelessness, recklessness and/or negligence of the co-defendants without any negligence on the part of the answering defendant contributing thereto.

That by reason of the foregoing, the co-defendants will be liable over to the answering defendants in the event and in the amount of any judgment or verdict rendered in favor of the plaintiffs against the answering defendant.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS
Q INTERNATIONAL COURIER, INC. a/k/a QUICK INTERNATIONAL COURIER and
AMERICAN AIRLINES, INC.
AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE
DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

If plaintiffs sustained damages as alleged in the complaint through any fault other than the plaintiffs' own fault, then such damages were sustained due to the sole fault of the co-defendants above named; and if plaintiffs should obtain and/or recover judgment against the answering defendant then the co-defendants above named shall be liable pursuant to common law for the full indemnification of the answering defendant.

In view of the foregoing, the defendant is entitled to complete common law indemnification for all loss, damage, cost or expense, including, without limitation, judgments, attorneys' fees, Court costs and the cost of appellate proceedings from the co-defendants.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS
Q INTERNATIONAL COURIER, INC. a/k/a QUICK INTERNATIONAL COURIER and
AMERICAN AIRLINES, INC.
AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE
DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

That on or before the time and place of the occurrence, defendant and co-defendant(s) entered into a contract and/or agreement. That pursuant to the terms and conditions of the aforesaid contract and/or agreement the co-defendant(s) agreed to obtain and maintain insurance coverage at its own expense providing liability coverage to the answering defendant, and/or naming the answering defendant as an additional insured of co-defendant(s), covering the circumstances giving rise to plaintiffs' alleged injuries in the above mentioned Complaint. That pursuant to the aforesaid contract and/or agreement, co-defendant(s) also agreed to any and all expenses, Court costs and defense costs, inclusive of attorneys fees of the answering defendant


for actions such as those brought by the plaintiffs herein. That said contract and/or agreement was in full force and effect on the date of plaintiffs' alleged accident.

That co-defendant(s) have breached said contract and/or agreement and failed to secure and obtain the insurance coverage for the answering defendant required by the aforesaid contract and/or agreement. That if plaintiffs were injured in the manner claimed in the plaintiffs' complaint, co-defendants would be bound under the terms of the aforesaid contract and/or agreement to defend, indemnify and hold-harmless defendant. That as a result of co-defendants' breach, if the answering defendant is found liable to plaintiffs for the injuries sustained in the occurrence alleged herein, said defendant will be damaged thereby, and co-defendant(s) will be liable to defendant for the full amount of any recovery which might be had against defendant and or for that portion thereof caused by the relative responsibility of co-defendant(s) and co-defendant(s) would be bound to pay all costs, disbursements and/or attorneys fees, including but not limited to payments in discharge of the answering defendant's liability to plaintiffs to the extent of the required policy limits and the costs of defending this suit.

That upon information and belief, co-defendant(s) did not purchase insurance coverage on behalf of defendant CBR as required. That as a result of the breach of the duty to purchase insurance coverage, and pursuant to <u>Kinney v. Lisk</u>, 76 NY2d 215, defendant CBR is entitled to recover as damages any recovery, including any verdict, settlement or judgment obtained by plaintiffs against defendant and all costs, expenses, disbursements and attorneys fees from co-defendant(s).

**AS AND FOR A FOURTH CROSS-CLAIM AGAINST CO-DEFENDANTS
Q INTERNATIONAL COURIER, INC. a/k/a QUICK INTERNATIONAL COURIER and
AMERICAN AIRLINES, INC.
AND AS A BASIS FOR AN AFFIRMATIVE DEFENSE, THE
DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

That if the plaintiffs were caused to sustain personal injuries and resulting damages at the time and place as set forth in their Verified Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract and/or agreement, other than that of the plaintiffs, then said injuries and damages arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or statute and/or warranty and/or contract and/or agreement in fact or implied in law, upon the part of the co-defendant(s), with defense, indemnification and save harmless agreement and/or responsibility by it in fact and/or implied in law, and without any breaches by the answering defendant contributing thereto and if the pleading defendant is found negligent as to the plaintiffs for the injuries and damages as set forth in the Complaint, then and in that event, the relative responsibilities of the answering defendant in fairness must be apportioned by a separate determination, in view of the existing factual disparity and the co-defendant(s) herein will be liable over jointly and severally to the pleading defendant and bound to defend, contractually indemnify and hold the pleading defendant harmless for the full amount of any verdict or judgment that the plaintiffs herein may recover against the pleading defendant in this action, including all costs, investigations, disbursements, expense and attorneys' fees in the defense of this action and in the conduct of this cross-claim.  In the further event that the answering defendant is found to be without fault, then and in that event, co-defendant(s) will be liable to the defendant to the extent of all costs, investigations, disbursements, expenses and attorney fees incurred in the defense of the action and in the litigation of the cross-claim.

**WHEREFORE**, defendant CBR demands judgment dismissing the plaintiffs' Complaint as to defendant CBR together with costs and disbursements of this action and in the event any

judgment is recovered herein against defendant CBR then said defendant demands that such judgment be reduced by the amount which is proportionate to plaintiffs' and co-defendant(s) degree of culpability together with interest, costs, disbursements and reasonable counsel fees and such other and further relief as is deemed just and proper.

Dated: New York, New York
December 5, 2005

/S/ Anthony D. Grande (AG 4587)
Anthony D. Grande (AG 4587)
MORGAN, MELHUISH, MONAGHAN,
ARVIDSON, ABRUTYN & LISOWSKI
Attorney for Defendant
**CBR SYSTEMS, INC. s/h/i/a CBR SYSTEMS INC. a/k/a CORD BLOOD REGISTRY SYSTEMS**
39 Broadway, 35th floor
New York, New York 10006
(212) 809-1111
File no.: 64-715 AML

TO: STEVEN R. GOLDBERG, ESQ.
Attorney for Plaintiffs
One North End Avenue, Suite 1107
World Financial Center
New York, New York 10282
(212) 845-5100

Jodi S. Tesser, Esq.
MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
American Airlines, Inc.
One Battery Park Plaza
New York, NY 10004
(212) 804-4200

John Sandercock, Esq.
LESTER, SCHWAQB, KATZ & DWYER, LLP
Attorneys for Defendant
Q International Courier, Inc. a/k/a Quick International Courier
120 Broadway
New York, New York 10271
(212) 964-6611

## CERTIFICATION OF SERVICE

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK )

      Anthony Grande, being duly sworn, deposes and says:  I am not a party to this action, am over eighteen years of age and reside in New York.

      That on the   day of December, 2005, I caused the annexed ANSWER to be served upon:

TO:    STEVEN R. GOLDBERG, ESQ.
        Attorney for Plaintiffs
        One North End Avenue, Suite 1107
        World Financial Center
        New York, New York 10282
        (212) 845-5100

        Jodi S. Tesser, Esq.
        MOUND COTTON WOLLAN & GREENGRASS
        Attorneys for Defendant
        American Airlines, Inc.
        One Battery Park Plaza
        New York, NY 10004
        (212) 804-4200

        John Sandercock, Esq.
        LESTER, SCHWAQB, KATZ & DWYER, LLP
        Attorneys for Defendant
        Q International Courier, Inc. a/k/a Quick International Courier
        120 Broadway
        New York, New York 10271
        (212) 964-6611

The addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed, in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

                                                  /s/ Anthony D. Grande (AG 4587)
                                                    Anthony D. Grande (AG 4587)