```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X      Index No.:  05 CV 8324 (GBD)
JONATHAN D. POLESUK, PERI POLESUK
and CAMERON POLESUK,

                              Plaintiffs,
                                                                    DECLARATION OF
                                                                    ANTHONY D. GRANDE

CBR SYSTEMS INC. a/k/a  CORD BLOOD                                  Honorable George B. Daniels
REGISTRY SYSTEMS, Q INTERNATIONAL
COURIER, INC. a/k/a QUICK INTERNATIONAL
COURIER and AMERICAN AIRLINES, INC.,

                              Defendant.
-------------------------------------------------------------X
```

**ANTHONY D. GRANDE**, an attorney duly admitted to practice before the Courts of the State of New York, declares the following under penalty of perjury:

1.     I am a partner of the law firm MORGAN, MELHUISH, MONAGHAN, ARVIDSON ABRUTYN & LISOWSKI, attorneys for defendant CBR SYSTEMS, INC. sued incorrectly herein as CBR SYSTEMS, INC. a/k/a CORD BLOOD REGISTRY SYSTEMS ("CBR").  As such, I am fully familiar with the facts and circumstances set forth herein.

2.     This declaration, along with the attached exhibits and Memorandum of Law, is respectfully submitted in opposition to Q INTERNATIONAL COURIER, INC. a/k/a QUICK INTERNATIONAL COURIER's ("QUICK") motion seeking an Order pursuant to Federal Rules of Civil Procedure § 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted, or in the alternative, limiting Quick's liability to $200.  CBR also hereby submits this declaration to cross-move to dismiss the complaint by a parity of reasoning on the ground that CBR is an implied carrier in the stream of commerce under the "Carmack Amendment" and as such, CBR's liability should likewise be limited to $200 and the cause of

action for negligence should likewise be dismissed as to CBR for the reasons articulated by QUICK under the "Carmack Amendment", in accordance with the bill of lading annexed to the movant's papers as Exhibit "C".

3. Furthermore, CBR respectfully submits that if this Court grants QUICK's motion to dismiss, such an Order should be without prejudice to CBR's rights to assert claims, cross-claims, and counter-claims against QUICK with regard to the subject incident including but not limited to CBR's cross-claims for common law indemnification, contractual indemnification, contribution and failure to procure insurance pursuant to the express and signed Professional Service Provider Agreement ("Provider Agreement") between CBR and QUICK, annexed hereto as **Exhibit "A"**.

4. Toward that end, and consistent with the terms and conditions of the Provider Agreement, CBR has issued a letter demand to QUICK tendering CBR's defense and indemnity of this claim to QUICK. A copy of the CBR's tender letter to QUICK is annexed hereto as **Exhibit "B"**.

5. In response, QUICK has denied our tender. See **Exhibit "C"**.

6. On or about November 2, 2005, QUICK sent a legible specimen of the bill of lading which contained a blank front page identical to that contained in movant's Exhibit "C" and also contained the back side of that bill of lading known as the "Notice to Shippers." A copy of the front and back pages of the bill of lading is annexed hereto as **Exhibit "D"**.

7. As set forth below, and as articulated more fully in the accompanying Memorandum of Law, CBR opposes QUICK's motion to dismiss upon the following grounds: (1) such motion is premature in light of the fact that no substantive pre-trial discovery has occurred as the complaint in this action was filed on September 1, 2005 and co-defendant

AMERICAN AIRLINES, INC. ("AMERICAN") filed a notice of removal in this court on September 27, 2005; (2) CBR can be considered an implied carrier and should therefore retain the limitation of liability pursuant to QUICK's bill of lading; and (3) any Order granting QUICK's motion to dismiss should be without prejudice to CBR's cross-claims for common-law indemnification, contractual indemnification, failure to name CBR as an additional insured, and contribution.

## PROCEDURAL HISTORY

8. Plaintiff JONATHAN D. POLESUK, PERI POLESUK, and CAMERION POLESUK ("POLESUKS") commenced this action in the Supreme Court, New York County on or about June 2, 2005 by service of a summons with notice on QUICK, CBR, and AMERICAN.

9. In sum, this action arises out of the loss and/or destruction of Cameron Polesuk's umbilical cord-blood, which CBR had contracted to store for the POLESUKS upon the birth of their son. CBR thereby contracted with QUICK for the shipment of this cord-blood from New York to their storage facility in Tucson, Arizona. Upon information and belief, the source of this belief being discussions with other counsel in this matter, the cord-blood was lost and destroyed on the tarmac of the Dallas/Fort Worth Airport when it was being loaded from one AMERICAN AIRLINES plane to another in the process of being shipped by QUICK. See Complaint annexed to moving papers as Exhibit "A" at ¶ 34.

10. At no time was CBR in possession, custody or control of the cord-blood at issue. In fact, CBR entrusted and delegated that task to QUICK who in turn entrusted that task to AMERICAN AIRLINES.

11. Upon information and belief, the source of that belief being conversations with other counsel in this case, and information obtained from the CBR, QUICK refunded

3

approximately $1200.00 to the POLESUKS following the loss and/or destruction of the cord-blood. If correct, it would seem disingenuous at best for QUICK to argue as it does here that its overall liability should be limited to $200.

12.     On or about July 11, 2005 defendant QUICK served a Notice of Appearance and Demand for a Complaint. On or about July 13, 2005, defendant AMERICAN served a Notice of Appearance. On or about July 19, 2005, defendant CBR served a Notice of Appearance. The Notices of Appearance are collectively annexed hereto as **Exhibit "E"**.

11.     On or about September 1, 2005, plaintiffs served a complaint against CBR, a company which stores umbilical cord blood in its banking facility in Tucson, Arizona for future possible use by the child donor of the cord blood and the child's relatives in order to treat and cure diseases later in life. Plaintiffs also sued QUICK, a domestic and international courier under contract with CBR to collect and ship the cord blood units to CBR's banking facility and AMERICAN, a common carrier of passengers and freight for hire. A copy of the POLESUK Complaint is annexed to the moving papers as Exhibit "A".

12.     Thereafter, on or about September 27, 2005, AMERICAN filed a petition to remove this action to this Court and on September 28, 2005 AMERICAN filed an Answer. A copy of AMERICAN's Answer is annexed hereto as **Exhibit "F"**.

13.     On or about December 9, 2005, CBR filed an Answer in which cross-claims were asserted against QUICK for failure to procure insurance for CBR, contribution, contractual indemnification, and common law indemnification. See **Exhibit "B"**. These cross-claims all arise again from the signed Provider Agreement between CBR and QUICK. See **Exhibit "A"**.

14.     No substantive pre-trial discovery has occurred.

15. CBR respectfully submits that if QUICK's motion is granted, CBR's liability, by a parity of reasoning, should likewise be limited to $200. CBR respectfully contends that CBR constitutes a carrier or an implied carrier in the stream of commerce and in accordance with the bill of lading annexed to the moving papers as Exhibit "C", plaintiff's third cause of action for negligence therefore, is preempted by federal law as to CBR as well as QUICK, pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 and/or federal common law applicable to air transportation. Therefore, if CBR is indeed an implied carrier, *ipso facto* the plaintiffs' cause of action against CBR for negligence is likewise subsumed in the cause of action for breach of transportation contract and cannot be maintained against CBR as separate causes of action.

16. However, to the extent that the Court is not inclined to find CBR an implied carrier under the "Carmack Amendment," CBR would argue that QUICK's motion would be premature in that no substantive pre-trial discovery has taken place which is necessary for CBR to further oppose the instant motion.

17. Finally, CBR respectfully requests that to the extent the Court grants QUICK's motion to dismiss only as to QUICK, it should be without prejudice to CBR's claims, counter-claims, and cross-claims against QUICK for contribution, contractual indemnification, common law indemnification, and for failure to procure insurance for CBR as an additional insured on QUICK's insurance policy in accordance with the Provider Agreement between CBR and QUICK. See **Exhibit "A"**.

18. CBR's arguments in support of the cross-motion to dismiss and in opposition to QUICK's motion to dismiss are more fully set forth in the accompanying memorandum of law.

19. Under penalty of perjury, the foregoing is true and correct.

Executed on January 13, 2006

                                              Respectfully submitted,

                                              MORGAN, MELHUISH, MONAGHAN
                                              ARVIDSON, ABRUTYN & LISOWSKI

                                              /s/AG4587
                                              Anthony D. Grande (AG4587)
                                              Attorneys for Defendant
                                              CBR SYSTEMS INC. sued incorrectly
                                              herein as CBR SYSTEMS, INC. A/K/A
                                              CORD BLOOD REGISTRY SYSTEMS
                                              39 Broadway, 35th Floor
                                              New York, New York 10006
                                              (212) 809-1111

TO:    STEVEN R. GOLDBERG
         Attorney for Plaintiff
         One North End Avenue, Suite 1107
         World Financial Center
         New York, New York 10282
         (212) 845-5100

         Jodi S. Tesser
         MOUND COTTON WOLLAN & GREENGRASS
         Attorneys for American Airlines, Inc.
         One Battery Park Plaza
         New York, NY 10004
         (212) 804-4200

         John Sandercock
         LESTER, SCHWAB, KATZ & DWYER, LLP
         Attorneys for Defendant
         Q International Courier, Inc. a/k/a Quick International Courier
         120 Broadway
         New York, New York 10271
         (212) 964-6611

# 54334

## **DECLARATION OF SERVICE**

Anthony D. Grande, an attorney admitted to practice law in the State of New York and before this Court, hereby declares that on January 13, 2005, I caused the within Partial Opposition to QUICK's Motion to Dismiss and CBR's Cross-Motion to Dismiss to be served upon:

Steven R. Goldberg
Attorney for Plaintiff
One North End Avenue, Suite 1107
World Financial Center
New York, New York 10282
(212) 845-5100

Jodi S. Tesser
MOUND COTTON WOLLAN & GREENGRASS
Attorneys for American Airlines, Inc.
One Battery Park Plaza
New York, NY 10004
(212) 804-4200

John Sandercock
LESTER, SCHWAB, KATZ & DWYER, LLP
Attorneys for Defendant
Q International Courier, Inc. a/k/a Quick International Courier
120 Broadway
New York, New York 10271
(212) 964-6611

By placing true and correct copy of the same in a mailing wrapper addressed, as stated above, affixing proper postage thereto, and deposition said wrappers in a mailing receptacle regularly maintained by the United States Postal Service for receipt of the mail.

Dated:  New York, New York
            January 13, 2006

/s/ AG4587
Anthony D. Grande